UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK,<br><br>            Plaintiff,<br><br>    vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, et al.,<br><br>            Defendants. | CASE NO. CV 14-00930 DMG (RZx)<br><br>MEMORANDUM AND ORDER RE JOINT STIPULATION TO ALLOW DEFENDANTS' FREEDOM OF INFORMATION ACT REQUEST FOR POSTAL SERVICE RECORDS<br>[filed Oct. 28, 2014 – ECF 22] |

        The Court will deny the relief sought in the parties' Joint Stipulation (JS) without prejudice for failure to exhaust administrative remedies under the Freedom of Information Act (FOIA).

        The JS recites that (1) Defendant Chicago Title Insurance Company seeks certain postal records and (2) Plaintiff has agreed not to oppose Defendant's anticipated Freedom Of Information Act (FOIA) request for such records from the United States Postal Service (USPS). Citing a federal regulation authorizing the USPS to release records "[p]ursuant to the order of a court of competent jurisdiction," 39 C.F.R. § 366.4(b)(2)(xi), they seek such an order, effectively directed to the USPS, which has not appeared in this action or otherwise been given an opportunity to respond. Presumably the parties' goal is to obtain the order and thereby grease the proverbial skids for the forthcoming FOIA request.

This request is premature in that it is unexhausted administratively. To be sure, a court can *ultimately* direct the USPS, or other governmental units subject to that law, to provide documents sought in an FOIA request. But ordinarily that may happen only after the requesting party has made the request, not beforehand – and, further, only after the exhaustion of administrative remedies. As another district court has explained:

> The FOIA contains what has been called a "constructive exhaustion" exception: 5 U.S.C. § 552(a)(6)(A) states that the agency to which a FOIA request has been submitted must notify the person making the request whether it will comply within ten days after receiving the request, and § 552(a)(6)(B) imposes a twenty day time limit on the agency to respond after an administrative appeal. Section 552(a)(6)(C) provides that a person making a request will be deemed to have exhausted his administrative remedies if the agency fails to comply with either deadline. However, section 552(a)(6)(B) allows for a ten day extension in limited circumstances, with written notice to the person making the request. The courts have also limited the constructive exhaustion requirement somewhat; section 552(a)(6)(C) allows recourse to the courts to compel the agency's response to a request and force the agency to release the requested documents, but once the agency responds, *the requester must exhaust administrative remedies before seeking judicial review*. See *McDonnell v. United States*, 4 F.3d 1227, 1240–41 (3d Cir. 1993); *Oglesby v. United States Dept. of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990).

*Anderson v. U.S. Postal Service*, 7 F.Supp.2d 583, 585-86 (E.D. Pa. 1998) (emphasis added). In *Anderson*, a former postal inspector employee filed FOIA requests seeking information about a pending criminal inquiry implicating him. He sued after he got only an untimely and vague response to his requests. The *Anderson* court granted the USPS's

motion for summary judgment – and it is noteworthy here that the USPS was represented by the United States Attorney's office – under an FOIA exemption for pending criminal investigations, but not before ruling that the plaintiff had indeed satisfied the exhaustion requirement. *Id*. at 586.

Here, in contrast, Defendant has not satisfied the FOIA's exhaustion requirement, for it has not even filed the request yet. The Court declines to rule in advance, before hearing any possible grounds for non-disclosure from the USPS, that the Service must simply hand over the documents at issue, if they exist. The Court DENIES WITHOUT PREJUDICE the relief sought in the JS.

DATED: November 12, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE